# IN THE UNITED STATES DISTRICT COURT FOR
# THE EASTERN DISTRICT OF VIRGINIA
# NORFOLK DIVISION

| | | |
|---|---|---|
| CENTRIPETAL NETWORKS, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:22-cv-00002-EWH-DEM |
| | ) | |
| v. | ) | |
| | ) | |
| KEYSIGHT TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**STATUS REPORT REGARDING THE ITC PROCEEDINGS AND DEFENDANT'S FILING OF PETITIONS FOR *INTER PARTES* REVIEW OF ASSERTED PATENTS**

Pursuant to the Court's Order of September 13, 2023 (Dkt. No. 66), Plaintiff Centripetal Networks, LLC ("Centripetal") and Defendant Keysight Technologies, Inc. ("Keysight") (collectively, the "Parties") jointly submit this Status Report addressing: (1) the outcome of the proceedings before the International Trade Commission ("ITC"); (2) whether either party has appealed or intends to appeal the ITC decision; and (3) a summary of the status of the petitions Keysight has filed with the Patent Trial and Appeal Board ("PTAB") requesting institution of *Inter Partes* Review ("IPR") of patents asserted in this case.

### A. Outcome of the ITC Proceedings

Trial took place March 1-7, 2023. On August 8, 2023, Administrative Law Judge ("ALJ") MaryJoan McNamara issued her Initial Determination ("ID"), finding the following:

(1) Centripetal has not proven by a preponderance of evidence that Keysight has violated subsection (b) of Section 337 of the Tariff Act of 1930, in the importation into the United States, in the sale for importation, and the sale within the United States after importation of certain computer network security equipment and systems, related software, components thereof, and products containing same.

(2) Keysight has not infringed asserted claims 22 and 43 of U.S. Patent No. 9,264,370 ("the '370 Patent").

(3) The asserted claims of the '370 Patent are invalid.

(4) One or more of Centripetal's domestic industry products have not satisfied the technical industry prong of the domestic industry requirement for the '370 Patent.

(5) Keysight has infringed asserted claims 11 and 20 of U.S. Patent No. 10,193,917 ("the '917 Patent").

(6) The asserted claims of the '917 Patent are invalid.

(7) One or more of Centripetal's domestic industry products have satisfied the technical industry prong of the domestic industry requirement for the '917 Patent.

(8) Keysight has not infringed asserted claims 1, 3, 11, 13, and 16 of U.S. Patent No. 10,284,526 ("the '526 Patent").

(9) The asserted claims of the '526 Patent are invalid.

(10) One or more of Centripetal's domestic industry products have satisfied the technical industry prong of the domestic industry requirement for the '526 Patent.

(11) Centripetal has satisfied the economic prong of the domestic industry requirement under Section 337(a)(3)(A) & (B).

(12) In the event the Commission were to determine there has been a violation of 19 U.S.C. § 1337, it is recommended: (1) that a Limited Exclusion Order issue with a standard certification provision; (2) that a Cease and Desist Order issue; and (3) that a 100% bond of the entered value of products found to violate Section 337 be imposed during the Presidential Review Period.

*See* Dkt. No. 62-1 (Public Version of Initial Determination, August 8, 2023)

On December 5, 2023, the Commission issued its Notice of Commission Determination To Review In Part And, On Review, To Affirm A Final Initial Determination Finding No Violation Of Section 337; Termination Of The Investigation ("Commission Notice of Determination/Termination"), attached hereto as **Exhibit A**. Specifically, the Commission reviewed the ID's finding regarding invalidity of claims 3 and 13 of the '526 Patent and the economic prong of the domestic industry requirement under Section 337(a)(3)(A) and (B). *Id*. at 3. The Commission affirmed the ID's finding regarding the invalidity of claims 3 and 13 of the

'526 Patent under modified reasoning and took no position regarding the economic prong of the domestic industry requirement . *Id*.

The Commission determined not to review the remainder of the ID. *Id*. Thus, the Commission found no violation of section 337 with respect to any asserted patent and terminated the Investigation *Id*.

### B. Appeals of the Commission's Determination/Termination

Keysight will not seek an appeal of the Commission's Notice of Determination/Termination.

Centripetal filed its appeal on January 26, 2024.

### C. PTAB Proceedings

The following table summarizes the current status of the IPR petitions on patents asserted in this litigation.

| Patent No. | IPR Case No. | IPR Filing Date | Date IPR Instituted | FWD Expected/ Due | Final Written Decision Findings | Asserted In ITC? |
|---|---|---|---|---|---|---|
| 9,264,370 | *Not challenged by Keysight* | | | | | Yes |
| 10,193,917 | IPR2022-01097 | 6/2/22 | 12/19/22 | 12/15/23 | Claims 1-3, 5-13, 15-20 unpatentable. Claims 4 & 14 not unpatentable. Centripetal filed its appeal on January 29, 2024. | Yes |
| 10,284,526 | IPR2022-01525 | 9/12/22 | 4/17/23 | 4/17/24 | Pending | Yes |
| 10,609,062 | IPR2022-01535 | 9/13/22 | 4/18/23 | 4/18/24 | Pending | No |
| 10,511,572 | IPR2022-01607 | 9/30/22 | 4/17/23 | 4/17/24 | Pending | No |
| 10,785,266 | IPR2023-00445 | 1/6/23 | 7/24/23 | 7/24/24 | Pending | No |

| Patent No. | IPR Case No. | IPR Filing Date | Date IPR Instituted | FWD Expected/ Due | Final Written Decision Findings | Asserted In ITC? |
|---|---|---|---|---|---|---|
| 10,567,343 | IPR2023-00446 | 1/6/23 | 8/7/23 | 8/7/24 | Pending | No |
| 11,012,474 | IPR2023-00448 | 1/6/23 | 7/24/23 | 7/24/24 | Pending | No |
| 10,681,009 | IPR2022-01421 | 8/12/22 | 11/6/23 | 11/6/24 | Pending | No |
| 10,659,573 | *Not challenged by Keysight* | | | | | No |
| 10,924,456 | *Not challenged by Keysight* | | | | | No |

### D. Current District Court Case

The parties request that the case remain stayed pending receipt of Final Written Decisions for all patents subject to IPR proceedings. Within 5 days of receipt of the last Final Written Decision (estimated to occur before or on November 6, 2024), the parties shall file a joint notice addressing (i) the status of the IPRs and (ii) the status of all Federal Circuit appeals.

Centripetal requests that the Court order that the stay be lifted after receipt of the IPR and appeal status notice provided by the parties.

Keysight requests that to the extent either party thereafter seeks to lift the stay, it can file a motion to do so.[1]

---

[1] Keysight notes that, to the extent Centripetal's Federal Circuit appeal of the ITC determination remains pending at that time, the Commission's determination is not "final" and therefore the mandatory stay as to all patents that are also asserted at the ITC must continue. *See* 28 U.S.C. § 1659(a); *see also In re Princo Corp.*, 486 F.3d 1365, 1369 (Fed. Cir. 2007) ("finality" in the context of Section 1659 only attaches after all appeals have been exhausted); *Kyocera Senco Indus. Tools, Inc. v. Koki Holdings Am. Ltd.*, Civil Action No. 17-598-CFC, 2022 U.S. Dist. LEXIS 230104, *4-5 (D. Del. Dec. 21, 2022) (denying plaintiff's motion to lift stay because "the ITC's termination of its investigation remains subject to judicial review by the Federal Circuit").

Dated:  February 2, 2024

Respectfully submitted,

By: /s/
William R. Poynter (VSB #48672)
KALEO LEGAL
4456 Corporation Lane, Suite 135
Virginia Beach, VA 23462
Telephone: (757) 238-6383
Facsimile: (757) 304-6175
wpoynter@kaleolegal.com

Jonah D. Mitchell
jmitchell@reedsmith.com
Christine M. Morgan
Email: cmorgan@reedsmith.com
John P. Bovich
Email: jbovich@reedsmith.com
Seth Herring
sherring@reedsmith.com
Reed Smith LLP (CA-NA)
101 Second St, Suite 1800
San Francisco, CA 94105
Phone: (415) 543-8700
Fax: (415) 391-8269
PRO HAC VICE

*Counsel for Defendant,*
*Keysight Technologies, Inc.*

By: /s/
Stephen E. Noona
Virginia State Bar No. 25367
KAUFMAN & CANOLES, P.C.
150 West Main Street, Suite 2100
Norfolk, VA 23510
Telephone:  (757) 624-3239
Facsimile:  (888) 360-9092
senoona@kaufcan.com

Paul J. Andre (*pro hac vice*)
Lisa Kobialka (*pro hac vice*)
James R. Hannah (*pro hac vice*)
Kristopher Kastens (*pro hac vice*)
Hannah Y. Lee (*pro hac vice*)
KRAMER LEVIN NAFTALIS

 & FRANKEL LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA  94065
Telephone:  (650) 752-1700
Facsimile:  (650) 752-1800
pandre@kramerlevin.com
lkobialka@kramerlevin.com
jhannah@kramerlevin.com
kkastens@kramerlevin.com
hlee@kramerlevin.com

*Attorneys for Plaintiff Centripetal Networks, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing on February 2, 2024 with the Clerk of Court using the CM/ECF system, which will send a notification of such filing to all registered users.

By:     /s/ *William R. Poynter*
William R. Poynter (VSB #48672)

**KALEO LEGAL**
4456 Corporation Lane, Suite 135 Virginia Beach, VA 23462
Telephone: (757) 238-6383
Facsimile: (757) 304-6175
Email: wpoynter@kaleolegal.com